# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dolores Martinez Hernandez,<br><br>          Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>          Respondents. | No.   CV-26-05155-PHX-MJM<br><br><br>**ORDER** |

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. Petitioner alleges she entered the United States without inspection in 2007. (Doc. 1 ¶ 47.) She claims that in 2018, she was detained and released on bond and that in 2022, her removal proceedings were terminated and her bond was returned to her. (*Id*. ¶¶ 1, 46.) Petitioner alleges she was detained again on May 14, 2026, without a warrant or "any apparent basis for fearing [she] was a danger to the community or a flight risk." (*Id*. ¶ 2.) In her § 2241 Petition, she alleged she was unlawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and her detention without an arrest warrant violated 8 U.S.C. § 1357(a), federal regulations, and the Fifth Amendment. (*Id*. at 24-26.) She sought release from confinement until "she is afforded a pre-deprivation hearing, and DHS demonstrates it adhered to its own regulations in taking her in custody." (*Id*. at 26.)

The Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 4.) In the Response, Respondents state: "Respondents do not oppose the

habeas petition nor the requested relief of an individualized bond hearing pursuant to 8 U.S.C. § 1226(a)." (Doc. 7.)

The Court finds that Petitioner is not "seeking admission" such that she is subject to detention under § 1225(b)(2)(A). *See Hernandez Alvarez v. Warden, Federal Det. Center Miami*, 175 F. 4th 1258 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Security*, 175 F.4th 828 (7th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Further, because Respondents do not address the issue of whether Petitioner was re-detained without a warrant and without due process, the Court finds the argument waived. *See N-E-M-B v. Wamsley*, CV-25-00989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, CV-25-03082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"); *cf. Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS ORDERED:**

(1)    Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

(2)    Respondents must **immediately release** Petitioner from custody under the same conditions that existed before her detention.

. . . .

- 2 -

(3)    Respondents must provide a notice of compliance within **two days** of Petitioner's release.

(4)    Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

DATED this 30th day of July, 2026.

_____

Michael J. McShane

United States District Judge